## MADDOX *et al. v.* LANIER.

</div>

"One or more creditors representing one third in amount of the unsecured
debt" of an insolvent trader are "necessary parties" in a proceeding in-
stituted against him under the provisions of section 2716 of the Civil Code.
While any creditor may become a party to the case under an order of the
court at any time before the final distribution of the assets, the entire
case, both as to original parties, and parties made after the petition is
filed, will fail unless it be established that the plaintiffs in the original
petition were creditors "representing one third in amount of the unse-
cured debt" of the insolvent trader.

<div align="center">

Argued March 23,—Decided April 21, 1899.

</div>

Petition for injunction, etc.  Before Judge Hutchins.  Wal-
ton county.  July 23, 1898.

*Maddox & Terrell,* for plaintiffs.
*Alonzo C. Slone,* for defendant.

Cobb, J.  J. J. & J. E. Maddox filed a petition in the nature
of a creditor's bill against G. M. Lanier, alleging that the de-
fendant was a trader and was indebted to them in the sum of
$232.75 upon an open account; that he had failed and re-
fused to pay the same at maturity, notwithstanding demand
had been made therefor; that defendant is insolvent; and that
"petitioners are unsecured creditors representing one third in

amount of the unsecured debt due by defendant." The prayer of the petition was, that a receiver be appointed, and that petitioners have judgment against the defendant for the amount due them. This petition was presented to the judge of the superior court, and a temporary receiver was appointed. When the application for a permanent receiver came on for a hearing, the defendant answered denying that he owed the plaintiffs the amount alleged, but admitted that he owed them $212.75. He also admitted that plaintiffs were unsecured creditors, but denied that they "represent one-third in amount of the unsecured debts due by" him. Attached to the answer was a list of the creditors holding secured debts, the aggregate amount of such debts being $801.34. The plaintiffs amended their petition by alleging that the same was brought "on behalf of themselves and all other creditors who may desire to become parties to said case." After the coming in of the defendant's answer, Webb, Galt & Kellogg, a mercantile firm, presented their petition to the judge, in which it was averred that the defendant was indebted to them in the sum of $98.48 on open account, and that they desired to become parties plaintiff to the case then being heard, and thereby share all the rights and liabilities of the original petitioners, adopting as their own all the allegations made in the original petition. The judge declined to allow them to be made parties, refused to appoint a permanent receiver, and revoked the order appointing a temporary receiver. To this judgment the plaintiffs in the original petition and Webb, Galt & Kellogg excepted.

The petition filed by J. J. & J. E. Maddox was an effort on their part to avail themselves of the remedy provided in section 2716 of the Civil Code, which is as follows: "In case any corporation not municipal, or any trader, or firm of traders, shall fail to pay, at maturity, any one or more matured debts, payment of which has been properly demanded of such debtor, and by him refused, and shall be insolvent, it shall be in the power of a court of equity, under a creditor's petition to which one or more creditors, representing one third in amount of the unsecured debt of such insolvent corporation, trader, or firm of traders, whose debts are mature and unpaid, shall be

necessary parties to proceed to collect the assets, real and personal, including choses in action and money, and appropriate the same to the creditors of such trader, firm of traders, or corporation." The allegations of their petition made a case within the provisions of this section, and when this petition properly verified was presented to the judge he was authorized to grant a rule calling upon the defendant to show cause why a receiver should not be appointed. Civil Code, § 2717. In order to secure the appointment of a receiver, the judge must be satisfied of the truth of all of the material averments in the petition. The averment that the petitioners are unsecured creditors "representing one third in amount of the unsecured debt" due by the defendant is one of that class, and unless the judge is satisfied of the truth of this averment he has no authority to appoint a receiver in the case. Upon this allegation the plaintiffs' case absolutely depends, and if the same is not proved in some proper way the whole proceeding must fail. The answer of the defendant denies in terms this allegation, and states facts which, if true, establish that the allegation is untrue. The only evidence before the judge on this question was the verified petition of the plaintiffs and the verified answer of the defendant. He has seen proper to treat the answer as containing the truth in reference to this matter; and for this reason, as well as others stated in his order, he refused to appoint a receiver. His decision on this matter will not be interfered with.

It is contended, however, that Webb, Galt & Kellogg should have been made parties to the case, and that if this had been done the amount due them added to the debt due the plaintiffs would have made a sum greater than one third of the unsecured debts due by the defendant. It is claimed that section 2718 of the Civil Code authorized the judge to pass an order making them parties at any stage of the case. That section provides as follows: "Any creditor may become a party to said petition, under an order of the court, at any time before the final distribution of the assets, he becoming chargeable with his proportion of the expenses of the previous proceedings." It is undoubtedly true that if a petition in the nature of a

creditor's bill, perfect in all respects as to parties and allegations, has been filed, any creditor, whether secured or unsecured, may on application be made a party to the proceeding and participate in the distribution of assets under the final decree in the case.   As the petition filed by Maddox contained all essential averments and was not demurrable, the persons who applied to be made parties to that petition as creditors of the defendant had a right to be made parties; but whether when so made parties they would be entitled either to an interlocutory order appointing a receiver, or a final decree, would depend upon whether the allegations made by Maddox in the original petition were true.   In other words, if Maddox established by proof the case made in the original petition, the creditors who had become parties would have a right to derive whatever benefit would accrue to them under a petition of that character.   If the allegations of the petition were not proved, then the creditors who became parties after the petition was filed could not derive any benefit from the proceeding, no matter how perfect a case such creditors might have in their own right against the defendant.   By becoming parties and adopting all of the averments of the petition they elect to stand or fall by the allegations therein made.   They become parties to the case made by the original petition.   If the original petitioners had a case which would authorize the court to administer the assets of their debtor through the medium of a receiver, other creditors may come in and share in the distribution which the court is lawfully authorized to bring about on the application of the original plaintiffs.   When a petition setting forth such a case in such a way as that the same is not demurrable is on file, any creditor may come in and be made a party to the same; but whether he will reap any benefit therefrom depends upon whether the plaintiffs in the original petition establish the case therein set forth.   If the plaintiffs in the original petition fail to establish their case, the entire proceeding fails, not only as to them, but as to all parties who come in subsequently to the filing of the petition.   Such a result inevitably follows from that part of the section first above quoted, which declares that one or more creditors representing

one third in amount of the unsecured debt of the insolvent trader are "necessary parties"; that is, one or more parties representing the proportion of indebtedness above referred to are necessary to authorize the court to take jurisdiction in the matter. This fact is jurisdictional. It must be alleged; if not alleged, the petition is demurrable for want of jurisdiction in the court. If alleged, it must be proved; if not proved, the jurisdiction of the court fails, and the whole proceeding must be dismissed. Whenever during the progress of the case it appears that this allegation is not true, the proceeding should be treated by the court as "imperfect and unauthorized" from the beginning. See in this connection *Lowe* v. *Brooke*, 91 *Ga.* 243. If those creditors whom the judge refused to allow to be made parties still desire to become parties to the proceeding in order to await the final hearing of the case, when the plaintiffs in the original petition will have an opportunity to prove the allegations in their petition and disprove the allegations in the answer, they may still do so; and direction to that effect is given. But as there was evidence before the judge, at the time that the application for a receiver was heard, that the plaintiffs did not hold a debt against the defendant in an amount which would authorize the proceeding, his judgment in refusing the receiver will not be disturbed, nor will his judgment refusing at that stage of the case to permit Webb, Galt & Kellogg to be made parties be interfered with; it not appearing that any of their rights were thereby affected.

*Judgment affirmed, with direction. All the Justices concurring.*